**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 5 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Bryan E. Lee | ) | Case No. 07-34173 |
| | ) | |
| Debtor(s) | ) | Chapter 13 |
| | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

### ORDER DENYING TRUSTEE'S MOTION TO DEEM CURRENT

This matter came is before the court on the Chapter 13 Trustee's Notice and Motion of Intent to Declare Debtor Current and Reinstated on Wells Fargo Bank., N.A., c/o Chase Home Finance, LLC's Secured Claim as to the Property Address: 1917 Brame Place, Toledo, OH 43613 [Doc. # 50] ("Motion") and the response to the Motion filed by JPMorgan Chase Bank, National Association, Successor by Merger to Chase Home Finance [Doc. #53].

The Motion was filed on March 15, 2012. As required by Local Rule 9013-1, it provided for 14 days notice for response by the creditor. On the same date, and in compliance with Rule 3002.1(f) of the Federal Rules of Bankruptcy Procedure, which became effective on December 1, 2011, the Trustee also filed his Notice of Final Cure Mortgage Payment re Rule 3002.1 to Claimant Wells Fargo Bank., N.A., c/o Chase Home Finance, LLC's Secured Claim as to the Property Address: 1917 Brame Place, Toledo, OH 43613. [Doc. # 51] ("Notice"). Under Rule

3002.1(g), the creditor must now respond to the Trustee's Notice in 21 days. The creditor's response objects to the Motion because it does not comply with Rule 3002.1 and afford the creditor the full 21 days for response established in Rule 3002.1(g), instead requiring a response in 14 days. The court agrees with the creditor's objection.

The intent of both of the Trustee's filed documents is the same: to provide of record evidence that Debtor has cured the default on the mortgage on his principal residence being paid through his confirmed Chapter 13 plan. In filing both the Motion and the Notice, the Trustee is proceeding in belt and suspenders fashion, and to some extent in accord with prior practice and procedure in this court. But in adopting Rule 3002.1, the Supreme Court has now established a comprehensive procedural path for reaching the result sought by the Trustee. The Motion is not provided for under and now conflicts with that procedural path. As the creditor's response demonstrates, proceeding in the belt and suspenders fashion of both a simultaneous separate motion and the notice procedure provided for by new Rule 3002.1 predicts procedural confusion for the court and the parties and threatens the creditor's entitlement to at least 21 days for response.

Should the creditor now disagree that cure has been effected, and should the Trustee or the Debtor then disagree with the creditor's statement in response, will the Trustee file another motion as required by Rule 3002.1(h), which is required to be filed <u>after</u> the creditor's statement in response? Will he defer to the Debtor to do it because of the pending Motion? Do the sanctions provisions of new Rule 3002.1(i) apply to the Motion? When should the court act and what should be set by the Clerk for hearing where there is both a motion and a notice? What if the creditor does not respond to the Motion? The new Rule 3002.1 procedure contemplates that the court does not become involved at all in this process until and unless a motion is timely filed, <u>after</u> the creditor's statement, by either the Trustee or the Debtor. Fed. R. Bankr. P. Rule 3002.1(h).

The court tends to agree that adoption of a straightforward motion procedure, as prior practice in this court had grown to encompass, might have been simpler. But what the court and the Trustee think in that respect is now utterly irrelevant in light of the comprehensive procedure set forth, for better or worse, in new Rule 3002.1. Because the Motion conflicts with and confuses that procedure, the creditor's objection will be sustained and the Motion will be denied, without prejudice. The Notice and the process set forth in Rule 3002.1 of the Federal Rules of Bankruptcy Procedure will control and be followed by this judge in this and other confirmed cure and maintain

Chapter 13 plans involving a debtor's principal residence.  *See* Fed. R. Bankr. P. 3002.1(a).

For good cause shown,

**IT IS THEREFORE ORDERED** that the Chapter 13 Trustee's Notice and Motion of Intent to Declare Debtor Current and Reinstated on Wells Fargo Bank., N.A., c/o Chase Home Finance, LLC's Secured Claim as to the Property Address: 1917 Brame Place, Toledo, OH 43613 [Doc. # 50] is **DENIED**, without prejudice to his separate  Notice [doc. #51] and procedure thereunder in accordance with Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.